**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,**

v.

**Katherine S. KING, Defendant.**

No. 92–1394–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 19, 1992.

Francis Michael Curran, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, Fla., for plaintiff.

Guy M. Burns, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, Fla., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

KOVACHEVICH, District Judge.

This cause is before the Court upon Plaintiff's Motion and Memorandum for Preliminary Injunction filed October 6, 1992, and Defendant's Response to Plaintiff's Motion for a Preliminary Injunction filed October 15, 1992. Based upon Plaintiff's Motion and Memorandum for Preliminary Injunction and Defendant's Response to Plaintiff's Motion for Preliminary Injunction, this Court finds that Plaintiff's Motion for Preliminary Injunction should be granted for the reasons stated below.

### FACTS

This dispute arises out of a Cash Management Account Agreement signed by Defendant on or about February 9, 1990, which contains the following arbitration clause:

> I agree that all controversies which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be conducted only before the New York Stock Exchange, Inc., the American Stock Exchange, Inc., or arbitration facility provided by any other exchange, the National Association of Securities Dealers, Inc. or the Municipal Securities Rulemaking Board, and in accordance with the arbitration rules then in force.

In July 1992, Defendant filed a Statement of Claim with the American Arbitration Association ("AAA") against Plaintiff pursuant to Article VIII, Section 2(c) of the AMEX Constitution ("AMEX Window"). Defendant's Statement of Claim is based on Plaintiff's investment of Defendant's funds in 1985 in MRI Business Properties Fund, Ltd., II. On or about August 26, 1992, Plaintiff filed objections with AAA regarding AAA's jurisdiction over Defendant's claim. On September 24, 1992, Plaintiff filed a complaint against Defendant asking this Court to enjoin Defendant from proceeding with arbitration with AAA. Plaintiff has now moved for a Preliminary Injunction to enjoin Defendant from proceeding with arbitration with AAA.

### STANDARD FOR GRANTING A PRELIMINARY INJUNCTION

This issuance of a preliminary injunction authorized by Rule 65, Federal Rules of Civil Procedure, falls within the sound discretion of this Court. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir.1990). A district court should grant a preliminary injunction only if the movant clearly shows:

1. a substantial likelihood that the movant will prevail on the merits;

2. that the movant will suffer irreparable injury if an injunction is not issued;

3. that the potential injury to the movant outweighs the possible harm to the nonmovant; and

4. that the injunction would not be adverse to the public interest. *Id.*

This Court will address each element in turn.

## 1. SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

 To begin, the instant case is controlled by this Court's decision in *Luckie v. Smith Barney*, 766 F.Supp. 1116 (M.D.Fla. 1991). In *Luckie*, the plaintiffs filed a complaint with AAA pursuant to the AMEX Window. *Id.* The defendants argued that arbitration before AAA was barred because the plaintiffs had executed an arbitration agreement stating that all controversies would be determined by arbitration before the NASD, the NYSE, the AMEX, or any recognized arbitration facility provided by any exchange. *Id.* at 1119. Thus, the defendants argued that AAA was not a proper forum since AAA was not named as a forum in the arbitration agreement. *Id.* This Court held that the AMEX Window operates as a default provision in the absence of a specific agreement between the parties. *Id.* at 1120. Thus, this Court concluded that the AMEX Window was superseded by the arbitration agreement and that under the arbitration agreement, AAA was not an available arbitration forum. *Id. See also Merrill Lynch v. Georgiadis*, 903 F.2d 109 (2nd Cir.1990) (holding that the arbitration provision naming particular arbitration fora superseded the AMEX Constitution, closed the AMEX Window, and precluded arbitration before AAA, who was not named in the arbitration provision); *PaineWebber, Inc. v. Rutherford*, 903 F.2d 106 (2nd Cir.1990) (holding that a specific customer agreement can supersede the AMEX Constitution, and requiring arbitration before one of the fora named in the agreement).

Also, in *Merrill Lynch v. Noonan*, [Current] Fed.Sec.L.Rep. (CCH) 96,973, 1992 WL 196741 (S.D.N.Y. July 31, 1992), the court addressed this issue under circumstances virtually identical to the instant case. In *Noonan*, the respondents had executed a Cash Management Account Agreement, which contained an arbitration clause identical to the clause in the instant case. *Id.* at 94,174. Even though this arbitration agreement did not name AAA as an available forum, the respondents wanted arbitration before AAA pursuant to the AMEX Window. *Id.* at 94,175. The

court would not allow arbitration before AAA because AAA was not named in the arbitration agreement. *Id.* at 94,179. The court reasoned that the arbitration clause in the Cash Management Account Agreement superseded the AMEX Window and required the respondents to choose one of the fora specifically named in the agreement. *Id.*

Applying the above cases to the instant case, AAA is not an available forum for the following reasons. As in the above cases, Defendant executed an arbitration agreement, which specified several fora for arbitration. Thus, this specific agreement supersedes the AMEX Constitution, closes the AMEX Window, and requires Defendant to arbitrate before a fora named in the arbitration agreement. Since AAA was not named as an available fora in the arbitration agreement, Defendant may not arbitrate before AAA. Rather, Defendant must choose one of the fora named in the arbitration agreement.

 Furthermore, Defendant's contention that part of the transactions occurred prior to execution of this agreement is of no consequence. To begin, the arbitration agreement states that it applies to all transactions "whether entered into prior, on, or subsequent to the date hereof." Moreover, an arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement. *See Hamilton v. Dean Witter Reynolds, Inc.*, [1989–90 Transfer Binder] Fed.Sec.L.Rep. (CCH) 94,823 at 94,-443, 1989 WL 89434 (W.D.Pa. July 19, 1989); *Prestera v. Shearson Lehman Brothers, Inc.*, [1986–87 Transfer Binder] Fed.Sec.L.Rep. (CCH) 92,884 at 94,292, 1986 WL 10095 (D.Mass. July 30, 1986). Thus, the arbitration agreement in the instant case may apply to transactions occurring prior to execution of this agreement.

In sum, this Court finds that Plaintiff has shown a substantial likelihood of succeeding on the merits of Plaintiff's claim. Specifically, the arbitration agreement closes the AMEX Window and requires Defendant to choose one of the fora listed in the

arbitration agreement. Since AAA is not listed as an available fora, Defendant may not choose to arbitrate with AAA.

### 2. IRREPARABLE HARM

The second element, the threat of irreparable injury, is also present in the instant case. In *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507 (3d Cir.1990), a brokerage firm moved for a preliminary injunction to prevent arbitration of a dispute. The court considered the issue of whether the requirement of irreparable injury necessary for a preliminary injunction was met. The court held that the brokerage firm would suffer irreparable injury if it were forced to arbitrate a dispute outside the substantive scope of the arbitration agreement. *Id.* at 514.

Applying *Hartmann* to the instant case, Plaintiff would suffer irreparable injury if Plaintiff were required to arbitrate Defendant's claim outside the scope of the arbitration agreement, that is, if Plaintiff were required to arbitrate with AAA, which is not a forum listed in the arbitration agreement.

Thus, this Court finds that Plaintiff has shown that it will suffer irreparable injury if a preliminary injunction is not issued.

### 3. POTENTIAL HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT

■ As explained above, Plaintiff will suffer irreparable harm should Plaintiff be required to submit to arbitration with AAA. On the other hand, Defendant will suffer little harm if denied the opportunity to arbitrate with AAA. The arbitration agreement lists several fora where this dispute may be arbitrated. Thus, Defendant is not without a remedy should this Court grant a preliminary injunction enjoining Defendant from proceeding with AAA. Furthermore, this Court has rejected the contention that AAA is a better arbitration forum for customers. *See Luckie v. Smith Barney*, 766 F.Supp. 1116, 1120 (M.D.Fla. 1991) (stating that the fora established under the NYSE, AMEX, and NASD are subject to SEC regulation to protect the cus-

tomers' rights). Moreover, customer preference may be impinged in order to ensure the enforceability of agreements to arbitrate. *Roney & Co. v. Goren*, 875 F.2d 1218, 1223 (6th Cir.1989).

Thus, this Court finds that Plaintiff has satisfied the third element required for a preliminary injunction, in that, the potential injury to Plaintiff outweighs the potential injury to Defendant.

### 4. THE PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

Finally, Plaintiff must show that the granting of the preliminary injunction is not contrary to the public interest. A preliminary injunction in the instant case would not be contrary to the public interest because the courts should strive to enforce contractual agreements. To begin, the Supreme Court in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–26, 107 S.Ct. 2332, 2336–37, 96 L.Ed.2d 185 (1987) noted that the Arbitration Act established a federal policy supporting arbitration which obligates the courts to enforce arbitration agreements rigorously. Recognizing this important policy, this Court stated in *Luckie v. Smith Barney*, 766 F.Supp. 1116, 1120 (M.D.Fla.1991) that parties should not be allowed to circumvent the terms of arbitration agreements by utilizing the AMEX Window. *See also Merrill Lynch v. Georgiadis*, 903 F.2d 109, 112 (2d Cir.1990) (holding that, under ordinary contract principles, the parties should be bound by an arbitration provision requiring that disputes be arbitrated only before particular fora). Furthermore, as stated before, customer preference may be impinged in order to ensure the enforceability of agreements to arbitrate. *Roney & Co. v. Goren*, 875 F.2d 1218, 1223 (6th Cir.1989).

Applying the above, this Court should uphold the policy of enforcing arbitration agreements rigorously. In the instant case, Plaintiff and Defendant agreed to arbitrate all claims in particular fora. Thus, this Court should enforce the arbitration agreement and prevent Defendant from arbitrating with AAA, which is not a forum named in the arbitration agreement.

Thus, this Court concludes that Plaintiff has met the fourth element necessary for issuance of a preliminary injunction, in that, granting a preliminary injunction will not be contrary to the public interest.

 In sum, this Court finds that Plaintiff has successfully met all four elements needed for this Court to grant a preliminary injunction. Accordingly, it is

ORDERED that Plaintiff's Motion for Preliminary Injunction be granted.

DONE and ORDERED.