**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,**

v.

**Katherine S. KING, Defendant.**

**No. 92–1394–CIV–T–17(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 11, 1993.

Francis Michael Curran, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, FL, for plaintiff.

Guy M. Burns, Anthony P. Zinge, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court upon Plaintiff's Motion to Dismiss Counterclaim or Motion for Summary Judgment, filed November 30, 1992, and response thereto, filed December 22, 1992. After thorough review of memoranda, this Court finds that Summary Judgment should be granted for the reasons stated below.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment should only be granted when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The parties have stipulated to all relevant facts. (See "Stipulation for Statement of Facts" filed October 13, 1992, docket # 7.) Pursuant to said stipulation, a preliminary injunction was granted by this Court's order of October 19, 1992, 804 F.Supp. 1512. The Court readopts the facts as set forth therein. Following entry of the preliminary injunction, Defendant filed her Answer and Counterclaim requesting an order compelling arbitration before the American Arbitration Association (AAA) or alternatively before the National Association of Securities Dealers (NASD). Plaintiff then filed the instant Motion to Dismiss Counterclaim or Motion for Summary Judgment.

In her counterclaim, Defendant seeks to compel arbitration by invoking 9 U.S.C. § 4. Section 4 of the Federal Arbitration Act permits a court to compel arbitration so that arbitration might proceed in the manner provided for in the parties' agreement. *Volt Info. Sciences v. Bd. of Trustees,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). However, in order to be entitled to an order compelling arbitration, the moving party must be "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." *Aaacon Auto Transport, Inc. v. Barnes,* 603 F.Supp. 1347, 1349 (S.D.N.Y.1985).

Research has led to the conclusion of this Court that the Defendant is not a "party aggrieved" within the meaning of the statute. Plaintiff agrees that arbitration before the NASD is appropriate. However, Defendant has not filed a claim with the NASD to date. It is this Court's finding that Plaintiff's filing of this action to prevent Defendant from pursuing arbitration before an improper forum (the AAA) cannot be reasonably viewed as a refusal or failure to arbitrate.

Further, Defendant's argument that a dispute exists over whether there has been a failure, neglect or refusal to arbitrate that would preclude summary judgment is not borne out by case law. An "issue" precluding summary judgment or dismissal by the court arises under 9 U.S.C. § 4 *only* when the party refusing to arbitrate contends that the dispute is not one that the parties had agreed to arbitrate. *Painewebber, Inc. v. Hartmann,* 921 F.2d 507 (3rd Cir.1990); citing *AT & T Technologies v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Finally, Defendant has not provided any additional evidence other than that which was before the Court when the Order Granting Preliminary Injunction was entered. This Court finds that there is no issue as to any material fact and therefore summary judgment is warranted. Also, since dismissal of Defendant's counterclaim was requested in the alternative, it is unnecessary to address that issue. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Dismiss be **denied** as moot; the Motion for Summary Judgment be **granted;** the preliminary injunction be **converted** to a permanent injunction; and Clerk of the Court **shall** enter a judgment for Plaintiff pursuant to this order.