**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEAN WEBB, an individual; EDGAR GARCIA, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellees,

v.

AUTO KNIGHT MOTOR CLUB, INC., a California Corporation,

Defendant-Appellant,

and

DEALER LOYALTY PROTECTION, INC., a Wyoming Corporation; et al.,

Defendants.

No. 22-56153

D.C. No. 8:22-cv-00699-CJC-ADS

MEMORANDUM[*]

DEAN WEBB, an individual; EDGAR GARCIA, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellees,

v.

DEALER LOYALTY PROTECTION, INC.,

No. 22-56169

D.C. No. 8:22-cv-00699-CJC-ADS

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

a Wyoming Corporation; RICHARD
BENEVENTO, an individual and Corporate
Agent,

        Defendants-Appellants,

 and

AUTO KNIGHT MOTOR CLUB, INC., a
California Corporation; et al.,

        Defendants.

---

DEAN WEBB, an individual; EDGAR
GARCIA, an individual, on behalf of
themselves and all others similarly situated,

        Plaintiffs-Appellees,

 v.

PELICAN INVESTMENT HOLDINGS
GROUP, LLC, DBA AAP, a Delaware
Limited Liability Company,

        Defendant-Appellant,

 and

DEALER LOYALTY PROTECTION, INC.,
a Wyoming Corporation; et al.,

        Defendants.

No.   22-56177

D.C. No.
8:22-cv-00699-CJC-ADS

---

DEAN WEBB, an individual; EDGAR
GARCIA, an individual, on behalf of
themselves and all others similarly situated,

No.   22-56193

D.C. No.
8:22-cv-00699-CJC-ADS

Plaintiffs-Appellees,

v.

SING FOR SERVICE, LLC, DBA MEPCO, an Illinois Limited Liability Company,

Defendant-Appellant,

and

DEALER LOYALTY PROTECTION, INC., a Wyoming Corporation; et al.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 15, 2023
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,** District Judge.

Defendants-Appellants challenge the district court's denial of their motion to stay Plaintiffs-Appellees' consumer protection lawsuit pending arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(A), *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009), and we review de novo the denial of a motion to stay under 9 U.S.C. § 3, *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 832 (9th Cir.

---

** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

3

2019). We vacate and remand for further proceedings.[1]

After Plaintiffs filed a putative class action against Defendants in a California state court, Defendants removed it to federal court and moved for a stay pending arbitration under 9 U.S.C. § 3. In their stay motion, which was accompanied by a sworn declaration and supporting documents, Defendants asserted two theories of the existence of a valid arbitration agreement between the parties. First, Defendants argued that Plaintiffs entered into a valid "clickwrap agreement" with Defendants when they affirmatively assented by downloading that agreement and clicking a button to indicate their agreement to the terms and conditions. Second, Defendants put forth an "accept or return" theory—that Plaintiffs accepted the written contract that Defendants sent to them when they did not reject it or opt out.

Plaintiffs did not respond to Defendants' initial motion to stay, and the district court granted that motion. In doing so, the court expressly found "that there is an agreement to arbitrate" because Defendants "offered sufficient facts to show that the Agreement is an enforceable 'clickwrap' agreement, routinely upheld by California courts." But Plaintiffs then moved to vacate the order granting the stay on the basis that their failure to file a response was due to excusable neglect. The district court granted Plaintiffs' motion and vacated its order granting the stay.

---

[1] Defendants-Appellants' Request for Judicial Notice (Dkt. 13) is denied.

Defendants filed a second motion to stay under 9 U.S.C. § 3, asserting the same two theories—"clickwrap" and "accept or return"—and again attached a declaration and supporting documents. This time, Plaintiffs responded with a memorandum of law, declarations, and evidence of their own. The district court denied the motion to stay, and Defendants filed this appeal.

In denying the second motion to stay, the district court summarized the competing evidence submitted by the parties regarding the existence of an agreement to arbitrate. But the court did not resolve that competing evidence, and the court's rationale for denying the stay is contained in three sentences of the appealed order:

> [T]he parties agree that Plaintiffs did not see th[e agreement] until after they had paid Defendants over the phone for purported extended warranties. And the agreement Defendants submit . . . looks markedly different than [Plaintiff] Webb's copy of the agreement. Under these circumstances, giving Plaintiffs the benefit of all reasonable doubts and inferences, Defendants have not proven by a preponderance of the evidence that the parties mutually consented to form an agreement to arbitrate.

As Defendants correctly assert, these statements do not explain why either of Defendants' theories of assent fails.

First, the fact that Plaintiffs did not see a written agreement until after they had paid Defendants on the phone for purported extended warranties is not determinative of either of Defendants' theories of assent. *See Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (explaining that

5

federal courts "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists" (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995))); *Salgado v. Carrows Rests., Inc.*, 244 Cal. Rptr. 3d 849, 853 (Ct. App. 2019) (explaining that California courts have rejected "the 'contention that an agreement to arbitrate a dispute must pre-date the actions giving rise to the dispute'" and holding that "[a]n arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement" (first quoting *Zink v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 13 F.3d 330, 332 (10th Cir. 1993); and then quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. King*, 804 F. Supp. 1512, 1514 (M.D. Fla. 1992))).  Neither the district court nor Plaintiffs cite any authority undermining the validity of the "clickwrap" and "accept or return" theories based on making an initial payment before assenting to an agreement.  Second, the supposed "marked[] differen[ces]" between the parties' two versions of the agreement boil down to variations in the cover pages rather than in their material terms.

In sum, rather than make factual findings and legal conclusions as it did in the order granting Defendants' initial motion to stay, in the appealed order the district court did not grapple with the parties' competing evidence on the factual

questions germane to whether an agreement to arbitrate exists.[2]  The court did not explain why a valid "clickwrap" agreement did not exist, nor did it address—legally or factually—Defendants' "accept or return" theory of contracting.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this memorandum disposition.  On remand, the district court must, as the finder of fact, resolve the parties' competing factual positions on whether a valid "clickwrap" agreement exists and must evaluate the legal and factual viability of Defendants' "accept or return" theory.

**VACATED AND REMANDED.**

---

[2] We reject Plaintiffs' suggestion that the district court sufficiently resolved the salient factual disputes when it stated that "giving Plaintiffs the benefit of all reasonable doubts and inferences, Defendants have not proven by a preponderance of the evidence that the parties mutually consented to form an agreement to arbitrate."  First, as the finder of fact on a 9 U.S.C. § 3 motion, the district court should not have given either side "the benefit of all reasonable doubts and inferences"—a principle that applies in favor of a nonmovant in the summary judgment context.  And second, as previously noted, the district court did not resolve the determinative factual issues but instead grounded its ruling in inaccurate or insignificant facts.