Matter of the Arbitration between Robert KORESKA, doing business as W. Koreska, Petitioner,

v.

PERRY–SHERWOOD CORP., Respondent.

United States District Court
S. D. New York.
Sept. 27, 1965.

Wachtell, Manheim & Grouf, New York City, for plaintiff.

Delson & Gordon, New York City, for defendant.

BONSAL, District Judge.

This is a petition by Robert Koreska, doing business as W. Koreska (Koreska),

for an order compelling the respondent Perry-Sherwood Corp. (Perry-Sherwood) to arbitrate pursuant to the arbitration clause contained in a written agreement dated August 31, 1963 between Koreska and Parker-Whitney, Ltd. (Parker-Whitney). The arbitration clause in said contract is found in paragraph XV and provides as follows:

"All controversies resulting from the subject contract have to be settled by arbitration.

The Court of Arbitration has to meet in Zurich.

The Court of Arbitration has to proceed according to the Rules of the International Chamber of Commerce (International Commercial Arbitration)."

At the argument on July 13, 1965, the court was informed that Koreska had instituted arbitration proceedings in Zurich, Switzerland under the auspices of the International Chamber of Commerce against both respondent Perry-Sherwood and the signatory to the contract, Parker-Whitney. Accordingly, the court informed counsel that it would reserve decision pending filing of the determination of the Zurich arbitrators as to whether the arbitration clause extended to Perry-Sherwood notwithstanding the fact that it was not a signatory to the contract.

By letter dated September 17, 1965, counsel for Koreska furnished the court with a copy of a decision of the arbitrators dated May 15, 1965 (but signed by the Chairman on August 4, 1965), in which the arbitrators found that under the applicable Swiss law they lacked jurisdiction of any claim of Koreska against Perry-Sherwood because the latter was not a signatory to the contract. Koreska has informed the court that it intends to appeal the arbitrators' decision to the appropriate cantonal court in Zurich in accordance with the provisions of Swiss law.

It appears that the respondent, Perry-Sherwood, participated in the Swiss arbitration proceeding only on the jurisdictional point as to whether or not the arbitration clause applied to it notwithstanding the fact that it was not a signatory to the contract.

Koreska contends that, notwithstanding the proceedings taking place in Switzerland, respondent Perry-Sherwood can be compelled to arbitrate by this court under the U. S. Arbitration Act (9 U.S.C. § 1 et seq.). It is urged that Perry-Sherwood was a sister company to Parker-Whitney, that both companies were under the control of Myles S. Spector, and that Perry-Sherwood participated in the performance of the contract.

■ It is true that, in limited situations, a party which was not a signatory to the contract containing the arbitration clause may be compelled to arbitrate because it was merely an instrumentality of the party bound by the contract. See Fisser v. International Bank, 282 F.2d 231 (2d Cir. 1960). On the other hand, a stranger to the arbitration clause cannot be compelled to arbitrate or be bound by an arbitration award. See A/S Ganger Rolf v. Zeeland Transp., Ltd., 191 F. Supp. 359 (S.D.N.Y.1961).

The factual issues as to whether respondent, Perry-Sherwood, is merely an instrumentality of Parker-Whitney and should be compelled to arbitrate could not be determined on the papers presented to the court. Indeed, Perry-Sherwood would be entitled to a trial under Section 4 of the Arbitration Act (9 U.S.C. § 4).

■ In this instance, such a trial is not necessary because even if it is assumed that respondent Perry-Sherwood was merely an alter ego or an instrumentality of Parker-Whitney, the court is bound by the arbitration clause contained in the contract. This clause is quite specific that the Court of Arbitration is to meet in Zurich (Switzerland) and that it is to proceed according to the rules of the International Chamber of Commerce. Koreska has initiated arbitration proceedings under this clause. Parker-Whitney has joined therein, and Perry-Sherwood has joined to the extent of claiming that it is not subject to the clause. The latter is an arbitrable issue,

832

being a controversy resulting from the contract as to which the arbitrators properly took jurisdiction.

 Without considering the question as to whether this court can compel arbitration in Switzerland, it is clear that it cannot compel arbitration anywhere since the parties have already submitted to arbitration in accordance with the procedure provided in the contract. Nor can the court overrule the determination of the arbitrators appointed under the contract. Since the arbitral tribunal established under the contract has found that disputes between Koreska and Perry-Sherwood are not arbitrable thereunder, the former is free to seek its remedy in a court of competent jurisdiction.

Motion to compel arbitration is denied.

It is so ordered.