Milton **GINSBURG, et al., Plaintiffs,**

v.

Henry **FARAGALLI and PaineWebber, Inc., Defendants.**

No. 89 Civ. 6278 (LJF).

United States District Court,
S.D. New York.

Oct. 30, 1991.

Berger & Montague, P.C., Philadelphia, Pa. by Daniel Berger & Lawrence J. Lederer, and Bernstein & Milner, New York City by Roger J. Bernstein, for Milton Ginsburg.

Morgan, Lewis & Bockius, New York City, for PaineWebber.

Rubin & Associates, Paoli, Pa., for Henry Faragalli.

## OPINION AND ORDER

FREEH, District Judge:

The Court has heard oral argument and reviewed all of the pleadings and letter submissions filed by the parties in this action. Pending before the Court are (1) defendant Henry Faragalli's ("Faragalli") motion to dismiss plaintiff's first amended complaint for lack of personal jurisdiction; (2) Faragalli's alternative motion for summary judgment on the grounds that all claims raised by plaintiffs are barred by the applicable statute of limitations; (3) defendant PaineWebber's ("PaineWebber") motion for summary judgment on the grounds that all claims raised by plaintiffs are barred by the applicable statute of limitations; and (4) defendants' alternative motion to compel arbitration of claims alleged by certain plaintiffs.

*Personal Jurisdiction.*

The Court denies Faragalli's motion to dismiss the plaintiffs' first amended complaint finding that the Court has personal jurisdiction over Faragalli. Personal jurisdiction consists of two separate concerns: amenability to jurisdiction, and notice to the defendant through valid service of process. *Soltex Polymer Corp. v. Fortex Industries, Inc.,* 590 F.Supp. 1453, 1456 (E.D.N.Y.1984). "Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted."[1] *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1264 (5th Cir.1983).

Contrary to the arguments made by both parties, this case is not in Federal Court under diversity jurisdiction but rather is here pursuant to federal question jurisdiction. The plaintiffs' allege, among other things, violations of the Securities Exchange Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Both the Securities Exchange Act and the RICO statute contain specific provisions authorizing nationwide service of process. See, 15 U.S.C. § 78aa and 18 U.S.C.

---

1. Service here has been made, or at least not objected to. See, Fed.R.Civ.P. 12(h)(1)

§ 1965(b), (d). These sections were intended to allow a plaintiff to bring before a single court for trial all defendants involved in securities violations or RICO conspiracy. See, *Mariash v. Morrill,* 496 F.2d. 1138 (2d Cir.1974); *Butcher's Union Local NO. 498, United Food and Commercial Workers v. SDC Inv., Inc.,* 788 F.2d. 535 (9th Cir.1986).

■ Where Congress specifically authorizes nationwide service of process, a Federal District Court's jurisdiction encompasses the boundaries of the United States, and due process requires only that a defendant in a federal suit have minimum contacts with the United States. *Perez–Rubio v. Wyckoff,* 718 F.Supp. 217 (S.D.N.Y.1989); *Mariash v. Morrill,* 496 F.2d 1138, 1143 (2d Cir.1974). As the Court finds that plaintiffs have plead valid Securities and RICO claims against the defendant Faragalli, and that Faragalli resides in Pennsylvania which is within the territorial boundaries of the United States, personal jurisdiction is proper.

*Summary Judgement.*

■ The Court further denies the defendants' motions for summary judgment finding, among other things, that there is a genuine issue of material fact as to when each plaintiff knew or should have known they had securities claims against PaineWebber and Faragalli. Summary judgment is inappropriate in this case because the defendants have not met their burden of establishing that there is no factual dispute with regard to this question. Based upon the affidavits of plaintiffs' David Ginsburg and David Singer and the deposition of William Hammaker, the Court concludes that conflicting conclusions could be drawn from the material factual dispute as to when the plaintiffs knew, or in the exercise of due diligence, should have known of the alleged fraudulent activities by the defendants. *Robertson v. Seidman & Seidman,* 609 F.2d. 583 (2d Cir.1979). Summary judgment must be denied if the non-moving party points to evidence from which a jury might reasonably return a verdict in its favor, *Celotex Corp. v. Ca-*

---

**2.** Each of the claims alleged by the plaintiffs' are arbitrable. See, *Shearson/American Ex-*

*trett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

*Arbitration.*

■ The Court grants defendants' motion to compel arbitration of the claims alleged by the plaintiffs David Ginsburg, David Singer and Singer Family Partnership, finding that there are valid arbitration agreements between the three above mentioned plaintiffs and the defendant PaineWebber. This Court is required to compel arbitration of arbitrable claims when one party files a motion to compel, even where the result would possibly lead to inefficient maintenance of separate proceedings in different forums.[2] *Dean Witter Reynolds Inc., v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In *Dean Witter,* the Supreme Court stated that the Arbitration Act mandates that a District Court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. 105 S.Ct. at 1239. The principal purpose of the act according to the legislative history is to ensure the judicial enforcement of privately made arbitration agreements, not to promote the expeditious resolution of claims. 105 S.Ct. at 1242.

SO ORDERED.

---

*press, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).