BROADCORT CAPITAL
CORP., Plaintiff,

v.

James P. DUTCHER, Defendant.

No. 93 Civ. 4402 (AGS).

United States District Court,
S.D. New York.

Aug. 9, 1994.

Brown & Wood, New York City, for plaintiff.

Jerome Sapiro, Jr., San Francisco, CA, for defendant.

## Opinion & Order

SCHWARTZ, District Judge:

## BACKGROUND

Broadcort Capital Corp. ("Broadcort") is a clearing broker and cleared the accounts of Allied Capital Corp. ("Allied"), a stock brokerage firm.[1] James P. Dutcher ("Dutcher") purchased securities from Allied. Broadcort claims that Dutcher never paid for the securities. *See* Plaintiff's Sur–Reply Mem. (Dec. 29, 1993) at 1. As a result, on June 29, 1993 Broadcort commenced this action against Dutcher to recover the sum of $90,000.

After obtaining from the court extensions of time to file an answer to Broadcort's complaint, Dutcher, on November 11, 1993, initiated an arbitration proceeding before the National Association of Securities Dealers ("NASD") in San Francisco, California naming Broadcort and ten others as respondents. Broadcort is a member of the NASD. In the arbitration proceeding, Dutcher alleges fraud on the part of Broadcort, Allied, and others in the trading of over-the-counter securities and seeks rescission of his transactions with the defendant brokers and their clearing agents.

On November 11, 1993, upon the filing of the arbitration proceeding, Dutcher moved this court to stay Broadcort's action pursuant to the provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. Section 3.[2] Broadcort cross-moves pursuant to FAA Section 4[3] to compel arbitration in New York if this court determines that the motion to stay this action should be granted.[4]

## DISCUSSION

Two issues are presented by these motions. First, we must decide whether Dutcher is entitled to a stay of the action pending in this court pursuant to 9 U.S.C. Section 3. The second matter presented is whether this court may compel arbitration in New York pursuant to Broadcort's cross-motion under 9 U.S.C. Section 4.

### A. Dutcher's Action to Stay Proceedings in New York

In order to be entitled to a stay of the New York action against him, Dutcher must show that the action is referable to arbitration and that he is not in default in proceeding with the arbitration in San Fran-

---

1. Clearing firms generally perform record-keeping and other mechanical functions related to stock transactions for stock brokers. *See Dillon v. Militano*, 731 F.Supp. 634, 636 (S.D.N.Y. 1990). Broadcort is a member of the National Association of Securities Dealers ("NASD"). NASD Manual, Apr. 1992, at 433.

2. Section 3 of the Federal Arbitration Act ("FAA") states:
   **Stay of proceedings where issue therein referable to arbitration**
   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
   9 U.S.C. § 3.

3. Section 4 of the FAA states:
   **Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination**
   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement....
   9 U.S.C. § 4.

4. In its letter dated February 4, 1993, Dutcher declined to sever Broadcort from the larger arbitration against ten other defendants in San Francisco. *See* Letter from Timothy A. Canning, Esq. to Judge Schwartz, Feb. 4, 1994.

cisco.[5]  9 U.S.C. § 3.

■ First, Broadcort's action is referable to NASD arbitration on Dutcher's demand. According to the NASD Code of Arbitration Procedure, arbitration is mandatory for "[a]ny dispute, claim or controversy eligible for submission under Part I of this Code between a customer and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons . . . as provided by any duly executed enforceable written agreement or upon the demand of the customer." NASD Code of Arbitration Procedure, Part II, Section 12(a) (1992). Broadcort's action is referable to arbitration because it arose in connection with Broadcort's business as a member of the NASD.[6]

■ Second, according to Section 3, as long as a party is not in default in proceeding with arbitration, this court may grant a stay of an action upon that party's request. 9 U.S.C. § 3. Whether a party is in default in proceeding with arbitration is a factual determination. *See Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir.1993) ("waiver determination necessarily depends upon facts of particular case and is not susceptible to bright line rules.").

If a party permits litigation to proceed to a significant extent and then requests that the dispute be arbitrated, that party may be in "default in proceeding with such arbitration." While Dutcher's repeated requests for extensions of time resulted in a delay of approximately five months between Broadcort's filing of its action on June 29, 1993 and the arbitration demand in San Francisco on November 11, 1993, the litigation in this court has not progressed beyond preliminary motions. Therefore, we find that Dutcher is not in default in proceeding with arbitration. *See Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258 (2d Cir.1990) (mere participation in court action does not constitute a waiver of arbitration but when party participates in court action until determination on merits, waiver may be inferred).

Accordingly, we find that Dutcher is entitled to a Section 3 stay of Broadcort's action against him in New York.

## B. Broadcort's Cross–Motion to Compel Arbitration in New York

■ According to Section 4, a motion to compel arbitration may be brought in federal court when a party is "aggrieved" by another party's failure, neglect, or refusal to arbi-

---

**5.** There is authority in this Circuit to the effect that a party must have a right to compel arbitration in order to be entitled to a Section 3 stay. *See Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 194 (2d Cir.1984) ("since he has no present right to compel arbitration, [plaintiff] is not entitled to a stay under Section 3."). *Downing* is, however, distinguishable from the instant action. In *Downing*, neither party had initiated an arbitration proceeding. 725 F.2d at 195. Rather, plaintiff chose to compel arbitration first and then to seek a stay of the underlying action. *Id.* In the instant case, Dutcher commenced arbitration proceedings in San Francisco; Broadcort was ordered by the NASD to participate in those proceedings, and Broadcort subsequently refused to arbitrate in San Francisco. *See* Letter from Henry F. Minnerop, Esq. to Vilna L. Henry (NASD) of Jan. 24, 1994 at 1. Thus, we decline to follow *Downing* here because we find that Dutcher has a present right to compel arbitration. *See Downing*, 725 F.2d at 195 ("explaining that a party may bring a Section 4 motion to compel arbitration if the other party to the action is ordered to arbitrate a dispute by a regulatory agency and subsequently fails to arbitrate").

Finally, courts have not interpreted the FAA as requiring a Section 3 motion to be joined with a Section 4 motion to compel arbitration subse-

quent to *Downing.*  *See, e.g., Aaacon Auto Transp., Inc. v. Barnes*, 603 F.Supp. 1347, 1348–49 (S.D.N.Y.1985). Thus, we find that Dutcher not only has a present right to compel arbitration and is therefore entitled to a Section 3 stay, but also that a Section 3 motion to stay does not necessarily have to be coupled with a Section 4 motion to compel arbitration.

**6.** Dutcher has the right to demand that Broadcort's action be submitted to arbitration because Dutcher, as a customer, is considered a third party beneficiary of Broadcort's contract with the NASD to resolve disputes through arbitration. *See Scobee Combs Funeral Home v. E.F. Hutton & Co.*, 711 F.Supp. 605, 607 (S.D.Fla. 1989) (explaining that NASD arbitration procedures give customers right to demand arbitration even in absence of a written agreement); *see also Paine Webber Inc. v. Pitchford*, 721 F.Supp. 542, 551 n. 6 (S.D.N.Y.1989) (confirming that self-regulatory organizations' rules provide basis for arbitration between parties). *But see, e.g., Alabama Ed. Ass'n v. Alabama Professional Staff Organization*, 655 F.2d 607 (5th Cir.1981) (holding that arbitration is a contractual matter and that parties are only required to arbitrate if they have entered written agreement mandating arbitration).

trate. This action is substantially similar to *Aaacon Auto Transp. Inc. v. Barnes*, 603 F.Supp. 1347 (S.D.N.Y.1985).[7] In *Aaacon*, plaintiff brought an action against defendants based upon a written agreement that included an arbitration clause specifying that arbitration must occur before the American Arbitration Association ("AAA") pursuant to their rules and regulations. *Id.* at 1348. The AAA determined that Maryland was the proper venue for the dispute. *Id.* Pursuant to the AAA's ruling, the defendant moved to stay the original action under Section 3. *Id.* The plaintiff then cross-moved pursuant to Section 4 to compel arbitration in New York. *Id.*

The court held that the plaintiff, Aaacon, was not aggrieved by the defendant's refusal to arbitrate. *Id.* at 1349. Rather, the court stated, "Barnes has not failed, neglected, or refused to arbitrate. On the contrary, he has already made a demand for arbitration of his own claims before the AAA and now moves to stay this action so that all claims arising from the ... agreement may be arbitrated together in Maryland, which the AAA has determined is the appropriate locale for the hearings." [8] *Id.*

Dutcher has refused to arbitrate in New York, but has not refused to arbitrate at all. Dutcher has brought an arbitration proceeding naming Broadcort as a respondent in San Francisco, establishing his willingness and intent to arbitrate. Therefore, Broadcort is not "aggrieved" by Dutcher's "failure, neglect, or compelling arbitration in New York.

### C. Conclusion

We hold that Dutcher is entitled to a stay of Broadcort's action and that Broadcort is not entitled to an order compelling arbitration in New York. Accordingly, we find that arbitration in San Francisco is appropriate and that Broadcort should pursue its request for a severance from that arbitration proceeding by application in that forum. While we recognize that this conclusion may not be the most efficient result if the arbitrator decides that Broadcort should not be a respondent in the San Francisco proceeding and Broadcort subsequently pursues arbitration in New York, we believe that this finding is consistent with established precedent. *See Prouse, supra*, at 331 (explaining that intent of FAA is to enforce private arbitration agreements even if outcome is inefficient in terms of judicial economy); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218–221, 105 S.Ct. 1238, 1241–42, 84 L.Ed.2d 158 (1985) (holding that arbitration agreements must be enforced according to FAA even if to do so results in inefficient, bifurcated proceedings); *Ginsburg v. Faragalli*, 776 F.Supp. 806, 808 (S.D.N.Y.1991) (explaining that purpose of FAA is not to promote expeditious resolution of claims).

SO ORDERED.

---

**7.** Broadcort relies upon *Dean Witter Reynolds, Inc. v. Prouse*, 831 F.Supp. 328, 332 (S.D.N.Y. 1993), in support of its request for an order to compel arbitration. However, *Prouse* does not provide support for Broadcort's position. In *Prouse*, the court stated that, "[t]he [petitioners] have not been aggrieved by Dean Witter's refusal to arbitrate before the NASD because Dean Witter has not in fact refused to arbitrate in that forum. Rather it has expressed every willingness to do so. Therefore the [petitioners] are not entitled to an order compelling arbitration before the NASD." *Id.* The plaintiffs claimed against Dean Witter Reynolds Inc. ("Dean Witter") alleging violations of the securities laws. Dean Witter moved to stay the action and for a declaratory judgment and injunction precluding plaintiffs from arbitrating against Dean Witter in Washington, D.C. *Id.* at 330. Subsequently, plaintiffs agreed to bring any claims against Dean Witter in New York. *Id.*

Broadcort's situation differs from the facts addressed in *Prouse*. In *Prouse*, Dean Witter did not object to the New York venue. *Id.* The court found that because Dean Witter had agreed to arbitrate in New York, plaintiffs were not entitled to an order compelling arbitration because they were not aggrieved by Dean Witter's refusal to arbitrate in that forum. *Id.* Here, Broadcort has expressly refused to arbitrate in the forum designated by the NASD and favored by Dutcher. Thus, application of *Prouse* to the case at bar is inappropriate. *See also infra* note 8 (discussing distinction between *Prouse* and *Aaacon*).

**8.** We note that in *Prouse* the court recognized *Aaacon* as standing for the proposition that a party is not entitled to an order compelling arbitration where the adverse party had already filed an arbitration demand in another forum. *Id.* at 332.