**COLT'S MANUFACTURING COMPANY, INC. and New Colt Holding Corporation, Plaintiffs,**

v.

**DEVTECK CORPORATION, carrying on business as Diemaco, and her Majesty the Queen in Right of Canada, Acting Through and Represented by the Minister of Supply and Services, Defendants.**

**Civil No. 3:96CV00079 (PCD).**

United States District Court, D. Connecticut.

April 9, 1997.

Ralph G. Elliot, Mark V. Connolly, Tyler, Cooper & Alcorn, Hartford, CT, Robert Penchina, David A. Schulz, Rogers & Wells, New York City, for Plaintiffs.

Guy D. Yale, Anthony M. Palazzolo, Jr., Chilton, Alix & VanKirk, Hartford, CT, James T. Shearin, Pullman & Comley, Bridgeport, CT, Karla J. Pinion, Desmond T. Barry, Condon & Forsyth, New York City, for Devtek Corp.

Brad Breen, Orrick, Herrington & Sutcliffe, New York City, James T. Shearin, Pullman & Comley, Bridgeport, CT, for Minister of Supply & Services.

### RULING ON PENDING MATTERS

DORSEY, Chief Judge.

Currently pending are: (1) Defendant Her Majesty the Queen in Right of Canada, Acting Through and Represented by the Minister of Supply and Services' ("Canada") motion to dismiss, or, in the alternative, to stay litigation as to Canada; and (2) Plaintiffs Colt's Manufacturing Company, Inc. and New Colt Holding Corporation's ("Colt") motion for reconsideration. Also ripe for consideration is the resolution of whether this case should be dismissed under the doctrine of *res judicata*.[1]

### I. BACKGROUND

On January 17, 1996, Colt filed a demand for arbitration with the American Arbitration Association ("AAA") and a complaint for trademark infringement, misappropriation of trade secrets and breach of contract, seeking, among other things, an order compelling arbitration, injunctive relief in aid of arbitration and money damages. A hearing was held, and the parties agreed, under the Court's supervision, to engage in limited discovery. The parties ultimately negotiated the terms of injunctive relief and entered into settlement discussions. Throughout those proceedings, the parties stated their intention to proceed with arbitration should their settlement negotiations fail. Apparently, settlement negotiations did fail, and Colt attempted to proceed with arbitration. However, instead of submitting an answer in arbitration, defendant Devteck Corporation, carrying on business as Diemaco ("Diemaco"), filed an action in the New York State court to stay the arbitration. Canada cooperated in the arbitration proceedings, promptly filing an answer.

Colt appeared in the New York proceedings, and on October 1, 1996, the New York State court ruled that the parties' disputes were subject to arbitration and denied Diemaco's motion to stay arbitration. Diemaco filed a notice of appeal. The appellate court issued a stay of arbitration pending appeal. On October 21, 1996, the AAA notified the parties that the arbitration would be held in abeyance pending the outcome of the appeal by Diemaco in New York.

On October 21, 1996, Colt filed in this Court a motion to compel arbitration against Diemaco and to stay the New York proceedings. Canada filed a motion to be dismissed from the case, or, alternatively, for an order staying the litigation as to it. Colt's motion to compel and to stay was denied on January 21, 1997. Colt filed a motion for reconsideration of that decision. Thereafter, on February 20, 1997, the New York Appellate Division, First Department, affirmed the lower court's denial of the stay of arbitration, hold-

---

1. The parties were asked to brief this issue in the January 21, 1997 Ruling denying Colt's motion to compel and to stay.

ing that a valid arbitration agreement existed. On or about March 3, 1997, Diemaco filed a notice of motion for leave to appeal that decision to the New York Court of Appeals, which motion continued the stay of arbitration under N.Y. C.P.L.R. § 5519(e), until the court of appeals decides that motion.

## II. DISCUSSION

### A. Canada's Motion

■ Canada moves to be dismissed as a party to this action pursuant to Fed.R.Civ.P. 12(b)(1), the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the Convention's implementing legislation, 9 U.S.C. §§ 201–208, or, in the alternative, to stay the litigation as to Canada pending arbitration pursuant to Section 3 of the FAA. Colt and Canada agree that Colt's claims must be submitted to arbitration pursuant to the terms of their License Agreement. Colt opposes Canada's request to be dismissed from the case, however, asserting that it is crucial that jurisdiction over all three parties to this dispute be retained to help effectuate arbitration by providing the parties with an efficient avenue for enforcing the order to compel, seeking confirmation of any arbitration award, or obtaining other judicial action consistent with arbitration. Colt seeks to have to have the Court retain jurisdiction over Canada and stay this action pursuant to Section 3 of the FAA.

The parties agree that the Convention and its implementing legislation, codified in 9 U.S.C. §§ 201–208 (Chapter 2 of the FAA), applies to their dispute. The parties dispute, however, whether the Convention requires

Canada's dismissal. Section 208 of the FAA provides that "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that that chapter is not in conflict with this chapter or the Convention...." 9 U.S.C. § 208. The controversy over whether a dispute referable to arbitration under the Convention must be dismissed, rather than stayed, results from the difference in language used in Section 3 of the FAA and Art. II, ¶ 3 of the Convention. Section 3 provides that a court shall stay an action that is arbitrable. The Convention provides only that the parties should be "referred to" arbitration. Colt argues that there is no conflict between staying an action under Section 3 and referring the parties to arbitration under the Convention.[2] Although Colt's argument is persuasive, Colt is not entitled to an order compelling or referring Canada to arbitrate or staying this action as to Canada.

Canada has not refused to arbitrate, but instead, has gone forward with arbitration. Colt is, therefore, not an "aggrieved party" under 9 U.S.C. § 4. *Broadcort Capital Corp. v. Dutcher*, 859 F.Supp. 1517, 1520 (S.D.N.Y. 1994). "Clearly, unless the respondent has resisted arbitration, the petitioner has not been 'aggrieved' by anything." *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1067 (3rd Cir.1995).[3] *Accord: Downing v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 725 F.2d 192, 195 (2d Cir.1984) ("[r]elief under Section 4, [ ] is available only to person 'aggrieved by the ... refusal of another to arbitrate ...' ").[4] Since Colt is not an "aggrieved party" it is not entitled to an order compelling arbitration under Section 4 of the

---

**2.** This issue has not been squarely addressed by the Second Circuit. In *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 253, n. 2 (2d Cir.1991), *cert. denied*, 501 U.S. 1267, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991), the Second Circuit noted the controversy but declined to rule on the question. In a later case, *Filanto, S.P.A. v. Chilewich Intern. Corp.*, 984 F.2d 58, 61 (2d Cir.1993), the court noted that a district court may retain jurisdiction over an action subject to Convention, citing an opinion rendered prior to *Threlkeld*, *Borden, Inc. v. Meiji Milk Products Co.*, 919 F.2d 822, 826 (2d Cir.1990), *cert. denied*, 500 U.S. 953, 111 S.Ct. 2259, 114 L.Ed.2d 712

(1991), which opinion also did not explicitly address this issue.

**3.** *Faragalli* also noted that "it is doubtful that a petition to compel arbitration filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance." 61 F.3d at 1067 (citation omitted).

**4.** *Accord: Avant Petroleum, Inc. v. Pecten Arabian Ltd.*, 696 F.Supp. 42, 44–45 (S.D.N.Y.1988); *Aaacon Auto Transport, Inc. v. Barnes*, 603 F.Supp. 1347, 1349 (S.D.N.Y.1985).

FAA with Canada.[5] Since Colt is not entitled to an order compelling arbitration, it is not entitled to a stay under Section 3. *Downing*, 725 F.2d at 195 ("[s]ince he has no present right to compel arbitration, Downing is not entitled to a stay under Section 3").[6]

Canada has not resisted arbitration but has willingly attempted to proceed with arbitration. There does not appear to be any justiciable controversy between Canada and Colt, which are wholly in agreement regarding arbitration. Canada is a foreign sovereign nation that expressly agreed with Colt to resolve all disputes in arbitration, not in a United States court. Accordingly, Canada will be dismissed from this action. Pursuant to the parties' arbitration agreement they may seek to enforce any award in arbitration in any court of competent jurisdiction. License Agreement, Art. XXII; 9 U.S.C. § 9.

### B. Motion for Reconsideration

#### 1. Motion to Compel Arbitration

█ Colt moves for reconsideration of the January 21, 1997 Ruling denying its motion to compel on the basis that the New York court's judgment is *res judicata.* Colt clarified in its motion that the only issue before the New York court was Diemaco's motion to stay arbitration and whether there is an enforceable arbitration clause—Colt did not counterclaim to compel arbitration and thus, the issue of compelling arbitration was never considered.

New York law governs the preclusive effect of the prior judgment:

" 'Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.' "

*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (quotation omitted). New York applies the "transactional analysis" in determining *res judicata* issues. *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (N.Y.1981). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* (citation omitted). "[T]he doctrine of res judicata [ ] operates to preclude the litigation of matters that *could have or should have been raised in a prior proceeding* arising from the same, 'factual grouping', 'transaction', or 'series of transactions.' " *Board of Managers of Windridge Condominiums One v. Horn,* —— A.D.2d ——, 651 N.Y.S.2d 326, 326 (N.Y.A.D. 2 Dept.1996) (emphasis added).

Colt seeks here to compel arbitration. Colt should have sought this relief in the New York proceeding.[7] Generally, a motion to compel arbitration is considered a compulsory counterclaim or an affirmative defense that must be raised to not be subsequently barred. *See Towers, Perrin, Forster & Crosby, Inc. v. Brown,* 732 F.2d 345, 348 (3rd Cir.1984). New York, however, does not have a compulsory counterclaim rule, and New York's "permissive counterclaim rule may save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action." *Henry Modell and Co. v. Minister, Elders and Deacons of Reformed Protestant Dutch Church City of New York,* 68 N.Y.2d 456, 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 (N.Y.1986) (citation omitted). "It does not, however, permit a party to remain silent in the first action

---

**5.** In fact, Colt did not move to compel arbitration with Canada, but nonetheless, seeks a stay under Section 3.

**6.** At least one court within this circuit stated in dicta that a Section 3 motion to stay need not be accompanied by a Section 4 motion to compel and distinguished *Downing. See Broadcort,* 859 F.Supp. at 1519, n. 5. Regardless, since all of Colt's claims are subject to arbitration a dismissal, rather than a stay, is proper. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164

(5th Cir.1992) (and cases cited therein). Additionally, as stated above, since the parties are in agreement regarding arbitration there is no controversy.

**7.** Colt contends that it did not counterclaim to compel arbitration because all three parties to the dispute were not before the New York court. Colt's contention ignores that it is not entitled to compel arbitration with Canada, which has never refused to arbitrate.

and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action." *Id. Accord: Classic Automobiles, Inc. v. Oxford Resources, Corp.,* 204 A.D.2d 209, 612 N.Y.S.2d 32, 33 (1 Dept.1994).

Colt's motion to compel will not impair the rights or interests established in the first action—it will merely effectuate the decision of the New York court that the parties entered into a binding arbitration agreement. According, Colt's motion to compel arbitration is not barred by the doctrine of *res judicata,* and the January 21, 1997 Ruling is vacated with respect to Colt's motion to compel.[8] However, for the reasons set forth below, an order compelling arbitration will not be entered at the present time.

### 2. *Stay of State Proceedings*

■ Colt also moves for reconsideration of the Court's denial of its motion to stay the New York proceedings. Although Colt's motion to compel is not barred by *res judicata,* Colt is not entitled to a stay of the New York proceedings. Section 3 does not authorize a stay of a pending state proceeding. "Thus, authority for issuing such a stay must be found in 28 U.S.C. § 2283—the statute generally governing federal court stays of state court proceedings." *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1180 (11th Cir.1981). *See also Doctor's Associates Inc. v. Distajo,* 870 F.Supp. 34, 36 (D.Conn.1994), *aff'd in part, rev'd in part,* 66 F.3d 438 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1352, 134 L.Ed.2d 520 (1996), *aff'd after remand,* 107 F.3d 126 (2d Cir.1997). Pursuant to Section 2283, a federal court " 'may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectu-

ate its judgments. . . .' " *Ultracashmere,* 664 F.2d at 1180 (quoting 28 U.S.C. § 2283).

The New York court has concurrent jurisdiction with the federal courts over issues of arbitration. "[B]oth the state and federal court, having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one of them which may be set up as *res judicata* in the other." *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939). The issue in the New York action is whether there was an agreement to arbitrate and whether Diemaco is entitled to a stay of arbitration. Colt appeared in New York and declined New York's offer to stay those proceedings so that Colt could return to this Court for a determination regarding arbitrability. The New York Supreme Court has already ruled on arbitrability of this dispute and that decision is *res judicata* despite the pending appeal.[9]

The only proceeding left to stay in New York is the motion to appeal to the Court of Appeals. However, "[n]either the policies embodied in the Arbitration Act nor the equitable principles underlying the anti-injunction statute and its exceptions supported issuance of stay against the state court action in this case." *Ultracashmere,* 664 F.2d at 1181. A stay at this point would "disrupt[ ] the functioning of the state judicial machinery, render[ ] the resources already expended by the state and the parties a wasted asset, and surely would [ ] create friction between the state and federal judiciaries." *Id.* Additionally, New York law applies to this dispute—the New York court is interpreting New York's time limitation for seeking to stay arbitration. N.Y. C.P.L.R. § 7503(c). Interference with the pending New York case is not warranted.

---

8. However, the New York court's judgment as to the validity of the arbitration clause does serve to bar relitigation of that issue here. The parties argue at length in the briefs submitted in this litigation regarding the enforceability of the agreement—that issue was squarely before the New York court and it will not be revisited here. A "federal court must accord res judicata effect to a state court judgment once the state court has ruled on arbitrability." *Pioneer Properties Inc. v. Martin,* 776 F.2d 888, 891 (10th Cir.1985). *Accord: Towers,* 732 F.2d at 350–51 (and cases

cited therein); *Swenson v. Management Recruiters Intern., Inc.,* 872 F.2d 264, 268 (8th Cir. 1989), *cert. denied,* 493 U.S. 848, 110 S.Ct. 143, 107 L.Ed.2d 102 (1989).

9. "Under New York law, [ ] the mere pendency of an appeal does not deprive a challenged judgment of its *res judicata* effects." *Antonious v. Muhammad,* 873 F.Supp. 817, 824 (S.D.N.Y. 1995).

### 3. Stay of these Proceedings

Colt's petition for an order compelling arbitration will be stayed pending resolution in New York.[10] If the New York Court of Appeals upholds the appellate court's decision, an order compelling arbitration will be entered and this case will be dismissed. If the court of appeals holds that Diemaco is not bound to arbitrate, that decision will be afforded full faith and credit, and Colt can proceed with litigation against Diemaco.[11]

### C. Dismissal–Res Judicata

For the reasons set forth above the issue of whether this case should be dismissed on the basis of *res judicata* need not be addressed.

## III. CONCLUSION

For the foregoing reasons, Colt's motion for reconsideration [doc. # 65] is GRANTED. Upon reconsideration, the January 21, 1997 Ruling [doc. # 62] on Colt's motion to compel arbitration [doc. # 43–1] is VACATED. Colt's petition to compel is STAYED pending resolution in New York. The January 21, 1997 Ruling on Colt's motion to stay the New York proceedings [doc. # 43–2] is adhered to. Canada's motion to dismiss [doc. # 49–1] is GRANTED. Canada's motion to stay [doc. # 49–2] is DENIED AS MOOT.

**SO ORDERED.**

---

10. Although federal courts are generally required to exercise their jurisdiction "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983).

11. Although such result would require Colt to proceed with its claims in different forums—arbitration with Canada and litigation with Colt—the purpose of the FAA is not to promote judicial efficiency or the convenience of the parties but the enforcement of private arbitration agreements. "[F]ederal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Hosp.*, 460 U.S. at 20, 103 S.Ct. at 939 (emphasis in original).