DIEMACO, A DIVISION OF DEVTEK CORPORATION, Plaintiff,

v.

COLT'S MANUFACTURING COMPANY, INC. and New Colt Holding Corp., Defendants.

Civil No. 3:98CV523 (PCD).

United States District Court, D. Connecticut.

June 26, 1998.

Anthony M. Palazzolo, Jr., Alix, Yale & Ristas, Hartford, CT, Desmond T. Barry, Jr., Edward G. Petraglia, Katherine B. Posner, Condon & Forsyth, New York, NY, for Plaintiff.

Benjamin A. Solnit, Tyler, Cooper & Alcorn, New Haven, CT, Mark V. Connolly, Tyler, Cooper & Alcorn, Hartford, CT, Michael A. Hordell, Gadsby & Hannah, Washington, DC, for Defendants.

## RULING ON PENDING MATTERS

DORSEY, Senior District Judge.

Pending are the corrected petition of Diemaco, a Division of Devtek Corporation ("Diemaco"), to compel arbitration,[1] the counter-petition of defendants ("Colt"); to compel arbitration, for permanent injunction and for declaratory judgment; Colt's motion to expedite, and Colt's motion to dismiss or alternatively to stay. For the following reasons, Diemaco's corrected petition is DENIED. Colt's motions to expedite and to dismiss or to stay are DENIED AS MOOT. Colt's counter-petition to compel arbitration and for de-

---

1. The corrected petition merely corrects typographical errors in its original petition.

2. Since Canada did not resist arbitration, it was dismissed from the earlier related case, *Colt's Manufacturing Company, Inc. and New Colt Holding Corporation v. Devtek Corporation Carry-*

claratory relief and motion for a permanent injunction are DENIED.

## I. BACKGROUND

### A. Action I

Over two years have passed since Colt demanded arbitration with the American Arbitration Association ("AAA") against Diemaco and Her Majesty The Queen in Right of Canada, Acting Through and Represented by the Minister of Supply and Services ("Canada").[2] Colt also filed a complaint for trademark infringement, misappropriation of trade secrets and breach of contract seeking, among other things, arbitration, injunctive relief in aid of arbitration and money damages. *Colt's Manufacturing Company, Inc., New Colt Holding Corporation v. Devtek Corporation Carrying on Business as Diemaco and Her Majesty the Queen in Right of Canada, Acting Through and Represented by the Minister of Supply and Services,* 961 F.Supp. 382 (D.Conn.1997) ("Action I").

The parties have since been embroiled in failed negotiations and litigation in the New York state courts regarding the arbitration clause in the parties' License Agreement. There the parties' disputes were held to be subject to arbitration. Following resolution in New York, the action here was stayed and arbitration was compelled.

Diemaco moved to bifurcate the arbitration or, alternatively, to modify the arbitration agreement. The motion to bifurcate was denied. The following modification was ordered:

> It is hereby ORDERED that the parties shall submit to arbitration before a five-person arbitral panel;

> IT IS FURTHER ORDERED that each of the three parties to the proceeding, Colt, Canada, and Diemaco, shall choose one arbitrator within twenty (20) calendar days after the filing of this ruling, and the three arbitrators so chosen shall select,

*ing on Business as Diemaco and Her Majesty the Queen in Right of Canada, Acting Through and Represented by the Minister of Supply and Services,* 3:96cv00079. Canada is not involved in the current dispute between Colt and Diemaco and is not a party to this action.

through unanimous action, two additional arbitrators;

IT IS FURTHER ORDERED that if any party shall fail to choose an arbitrator within twenty (20) calendar days after the filing of this opinion, the arbitrator chosen by the other party/parties shall act as the sole arbitrator[s];

IT IS FURTHER ORDERED that if such unanimous selection of the two additional arbitrators is not made within twenty (20) calendar days after the last of the three party-designated arbitrators shall have been appointed, any one of the parties may request the American Arbitration Association to appoint the additional arbitrators, without regard to their nationality, residence or other relationship to. the parties.

November 14, 1997 Ruling and Order ("Modification Order").

### B. Selection of the Arbitrators

On or about December 8, 1997, the parties selected their arbitrators: Stephen A. Weiner, Esq. (Canada), John C. McNett, Esq. (Diemaco), and Hon. Asher W. Sweeney (Colt). On December 11, 1997, the AAA distributed a list of 15 potential neutral arbitrators with accompanying selection instructions. Copies of the AAA's Commercial Arbitration Rules ("Arb.Rules"), the Code of Ethics and the Manual for Commercial Arbitrators were also forwarded to the designated arbitrators.

The designated arbitrators were instructed to strike up to three (3) names (out of the fifteen (15)), number the remaining names in order of preference and return the list to the AAA on or before January 8, 1998,[3] the failure of which would result in all names submitted being deemed acceptable.

On January 28, 1998, the selections were submitted and on February 5, 1998, the AAA advised that the mutually accepted arbitrators were Joseph P. Griffin, Esq. and James M. Johnstone, Esq. On February 6, 1998, counsel for Colt objected to the AAA's selection process contrary to the Modification Order entered in Action I. Moreover, Judge Sweeney informed Colt that Johnstone was not on the list of names he provided to the AAA. Colt requested that the AAA withdraw the selected neutral arbitrators and redo the selection process.

Ultimately, the AAA concluded that the procedure was contrary to the Modification Order because Griffin and Johnstone were not "unanimous selections." Judge Sweeney apparently did not comply with the instructions. The AAA stated:

On January 28, 1998 we received the executed list of AAA panelists from Stephen Weiner. On January 29, 1998 we likewise received the executed list from John McNett. Judge Sweeney contacted us via telephone and provided five names from the AAA panel he agreed to and one non-AAA selection. We did not inquire as to the status of the remaining names on Judge Sweeney's AAA list but assumed that since they were not stricken they were acceptable.

We have determined that this is contrary to the Court's order regarding the selection of the neutral arbitrators. The two AAA panelists we have proposed are not unanimous selections; furthermore, we now understand that the three party appointed arbitrators did not discuss their selections amongst themselves.

The AAA directed the party-designated arbitrators to advise the AAA of their unanimous selection by March 16, 1998, the failure of which would result in the AAA proceeding to appoint the neutral arbitrators pursuant to the Modification Order. Diemaco took the position that Colt was in default of its obligation to arbitrate before a panel comprised of Weiner, Sweeney, McNett, Johnstone and Griffin. Since it did not appear that the party-appointed arbitrators would agree as to the two remaining arbitrators, Colt requested that the AAA select the two remaining members of the arbitration panel, which it did. Diemaco moved for reconsideration of the AAA's decision setting aside the original panel, which was denied. This litigation followed.

3. By agreement, the parties extended the dead-line until January 28, 1998.

## II. DISCUSSION

### A. Petition to Compel Arbitration

Diemaco moves pursuant to § 4 of the Federal Arbitration Act ("FAA") to compel Colt to arbitrate before the original panel selected by the AAA.

Colt moves to dismiss on the following grounds: (1) there is no subject matter jurisdiction to review a procedural/interlocutory decision of the AAA; (2) failure to state a claim against Colt upon which relief can be granted, as the acts complained of are solely those of the AAA; and/or (3) failure to join a necessary party—the AAA. Colt further contends that it has not refused to arbitrate, and, therefore, an order compelling arbitration is unwarranted, and that the decision to set aside Panel I was proper because the original selection process was in violation of the Modification Order. Alternatively, Colt moves to stay Diemaco's petition on the ground that it involves issues "referable to arbitration."

### 1. Subject Matter Jurisdiction

Pursuant to § 4 of the FAA, district courts only have jurisdiction to hear petitions to compel arbitration if the court "would have jurisdiction under Title 28, in a civil action ... of the subject matter of a suit arising out of the controversy between the parties ...." 9 U.S.C. § 4. Accordingly, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the [arbitration] order can issue." *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 444 (2d Cir.1995), *cert. denied*, 517 U.S. 1120, 116 S.Ct. 1352, 134 L.Ed.2d 520 (1996) (citation omitted).

Diversity jurisdiction exists and supports an action to compel Colt to arbitrate. However, Colt has not refused to arbitrate. Diemaco actually seeks to compel action by the AAA.

### 2. Refusal to Arbitrate

■ "A party aggrieved by the alleged failure, neglect, or refusal of another to arbi-

trate under a written agreement for arbitration may petition ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Generally, consideration of a petition to compel "is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate, in whole or in part." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir.1996) (citation omitted). It has been determined that the parties are bound to arbitrate. The only question is whether Colt has failed, neglected or refused to arbitrate.

Authority seemingly extends § 4 to allow a party who feels that their case is "being arbitrated improperly" to petition to compel arbitration under the terms of the arbitration agreement. *See Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 326–27 (7th Cir.1995).[4] However, assuming, *arguendo*, that § 4 extends to a claim that a party to an in-progress arbitration is refusing to arbitrate in accordance with the agreement, Colt has not "refused" to arbitrate.

Colt objected to the selection process for Panel I and requested that the AAA set aside the panel, which it did. Per the AAA, Panel I no longer exists. The record does not reflect a refusal to arbitrate before Panel I. Colt was entitled to object to the selection process.[5] Nor has Colt refused to arbitrate before Panel II. Diemaco has refused to arbitrate before Panel II. Since Colt has not refused to arbitrate, Diemaco is not entitled to an order compelling arbitration.

### 3. Authority to Review Decision of the AAA

■ Diemaco actually seeks a mandatory injunction requiring the AAA to reverse itself and reconvene Panel I. The issue is whether a district court has authority to review an AAA procedural or interlocutory decision.

In support of its position that there is no authority to review the AAA's interlocutory

---

4. Moreover, § 5 of the FAA allows for court intervention in the selection of arbitrators in certain limited situations and upon the application of one of the parties.

5. Indeed, a party is deemed to have waived objections not timely made. Arb. Rules, R. 38.

decision, Colt relies on *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411 (2d Cir. 1980). The court of appeals held that a court did not have such authority.

Policy considerations, no less than the language of the Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court.

*Michaels,* 624 F.2d at 414.

This case is distinguishable in that Diemaco is not "appealing" an interlocutory award, but, rather, seeks a judicial determination as to whether the *AAA* properly selected the arbitration panel. *Michaels,* as well as the other authority cited by the parties, involved the conduct of the parties to the arbitration or of the arbitrators themselves—not the AAA. Diemaco's claim does not involve conduct of the arbitrators or Colt. Diemaco objects to the AAA setting aside Panel I. In the form of a petition to compel Colt to arbitrate before Panel I, Diemaco seeks an order usurping the authority of the AAA to vacate the creation of Panel I.

There are limited situations in which a court may intervene in an ongoing arbitration. *See e.g.* 9 U.S.C. § 5 (allowing court to intervene to appoint arbitrator or umpire in certain circumstances); *Aviall, Inc. v. Ryder System, Inc.,* 110 F.3d 892, 896 (2d Cir. 1997)(pre-award removal of arbitrator if enforcement of agreement "would be invalid under general contract principles"). Generally, parties to an ongoing arbitration must await the award before seeking judicial review. Post-award review is limited—parties may only move to vacate the award based on one of the grounds set forth in § 10 of the FAA.

■ The limited availability of post-award and pre-award judicial review is the nature of arbitration. The concerns articulated in *Michaels* are implicated any time parties engaged in an arbitration process—including the selection of arbitrators—are permitted to seek judicial review of any procedural disputes that arise. Moreover, it is questionable whether courts may modify the AAA's procedural decisions following an award. *See Hunt v. Mobil Oil Corp.,* 654 F.Supp. 1487, 1511 (S.D.N.Y.1987). When parties agree to arbitrate before the AAA and incorporate the Commercial Arbitration Rules into their agreement, they are bound by those rules and by the AAA's interpretation. *See York Hannover A.G. v. American Arbitration Association,* No. 92 Civ. 1643 (CSH), 1993 WL 159961, at * 5 (S.D.N.Y. May 11, 1993).

"The AAA is responsible for interpreting the AAA Rules and the parties are not free to simply ignore interpretations they do not agree with." *Id. (citing* Arb. Rules, R. 52). The AAA's interpretation is afforded considerable weight:

The parties agreed that the AAA should administer the arbitration process and apply its Commercial Arbitration Rules. Given the parties' designation of the AAA as the supervisory authority regarding the resolution of disputes under the agreement, the AAA's view of the meaning of its rules is of considerable significance.

*York Research Corp. v. Landgarten,* 927 F.2d 119, 123 (2d Cir.1991)(considering appeal of order confirming arbitration award over objection that panel was improper).

■ It is improper to speculate as to the AAA's reasoning in setting aside Panel I or how the AAA interpreted the Modification Order. The AAA was charged with the responsibility of overseeing the selection of arbitrators in accordance with the parties' agreement and the Commercial Arbitration Rules, which the parties expressly made applicable to the arbitration. License Agreement, Art. XXII. The AAA is entitled to deference in applying and interpreting its own procedures and rules.[6]

---

6. Even if there is authority to compel action by the AAA, the AAA is not a party to this proceeding. Although Rule 47 of the Commercial Arbitration Rules provides that the AAA is not "a necessary party in a judicial proceeding[ ] related to the arbitration," since, as discussed above, the actions complained of are those of the AAA, the AAA should have been named as a defendant in this suit. *See e.g. DowElanco v. American Arbitration Association, Inc.* Civ. A. No. 93–1769, 1993 WL 391119 (D.D.C. Sept.22, 1993); *York Hannover Holding A.G.,* 1993 WL 159961.

■ Moreover, the record suggests that AAA's decision to set aside Panel I was correct. The selection of that panel did not comport with the parties' agreement or the Commercial Arbitration Rules. In selecting Panel I, the AAA followed Rule 13. However, Rule 13 is applicable only if the "parties have agreed that their party-appointed arbitrators shall appoint the neutral arbitrator *from the panel*." Arb. Rules, R. 15 (emphasis added). In that case, "the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section 13, a list selected from the panel, and the appointment of the neutral arbitrator shall be made as provided in that section." *Id.*

The parties did not agree that neutral arbitrators would be selected from the panel. The parties selected their arbitrators. It was expressly agreed that they would choose the neutral arbitrator. Upon a failure to "agree" on a neutral(s), either party could request AAA to appoint the remaining arbitrator. The AAA was obligated under the Commercial Arbitration Rules to follow the parties' agreed method. Rule 13 is seemingly at odds with the arbitration clause and the Commercial Arbitration Rules. Accordingly, assuming an order directing arbitration to proceed before Panel I could be entered, such an order would not be warranted.[7]

### B. The November Order

Since the crux of the dispute centers on the Modification Order, clarification is warranted.

■ Courts are not at liberty to alter an arbitration agreement. Private arbitration agreements must be enforced "in accordance with the terms of the agreement." 9 U.S.C. § 4. *See Government of United Kingdom v. Boeing Co.,* 998 F.2d 68, 72 (2d Cir.1993). "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed ...." 9 U.S.C. § 5. If the

"method agreed upon by the parties for naming an arbitrator is explicit and unambiguous ... [it] must be given controlling effect." *McMahon v. Shearson/American Exp. Inc.,* 709 F.Supp. 369, 373 (S.D.N.Y.1989), *rev'd on other grounds,* 896 F.2d 17 (2d Cir.1990).

The parties dispute whether the Modification Order required the party-appointed arbitrators to confer regarding selection of the two neutral arbitrators or whether the AAA's initial selection process in accordance with Rule 13 of the Commercial Arbitration Rules was proper.[8] The Modification Order provided that, consistent with the original arbitration agreement, Diemaco would be afforded the opportunity to choose a representative arbitrator. The order did not otherwise alter the arbitration clause. The parties' agreement as to the selection of the arbitration panel remained in all other respects entirely the same.

The parties place great emphasis on the word "unanimous" in the order. The original arbitration agreement provided that the two party-designated arbitrators had to "agree" on the third neutral arbitrator. "Unanimous" was inserted to make it clear that since there would be three party-designated arbitrators, all three arbitrators had to "agree" on the two neutrals. The insertion of that word did not otherwise alter the parties' agreement.

### C. Counter–Petition To Compel Arbitration

■ In its counter-petition, Colt seeks to have John C. McNett, Esq. removed as a party-designated arbitrator on the grounds that he is biased and arbitration before him would not be fair and equitable and would be contrary to the Modification Order.

Reference to the Modification Order is puzzling as the alleged bias is wholly unrelat-

---

7. Moreover, as discussed earlier, Judge Sweeney apparently did not comply with the instructions forwarded by the AAA. Additionally, the instructions provided that each party could strike up to three (3) names off the list. However, Rule 13 provides that each party in a multiarbitrator case can strike up to five (5) names off the list.

8. As discussed above, setting aside the Modification Order, it appears that the AAA did not comply with the Commercial Arbitration Rules in selecting Panel I.

ed to that order. That Order did not address criteria or qualifications of arbitrators.

■ Diemaco's appointment of McNett does not constitute a refusal to arbitrate, Colt is not an "aggrieved party," and § 4 is not the appropriate vehicle to challenge an arbitrator's qualifications. Such challenges are made in a motion to vacate pursuant to § 10 of the FAA. *See* 9 U.S.C. § 10 (award may be vacated "[w]here there was evident partiality or corruption in the arbitrators").

■ The FAA does not provide for pre-award challenge and removal of an arbitrator. *Aviall*, 110 F.3d at 895. "'[I]t is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award.'" *Id.* (citations omitted). The parties must proceed with arbitration and raise any objections in a motion to vacate the award.[9]

Colt concedes that courts cannot entertain a challenge to an arbitrator prior to completion of arbitration. Counter–Petition to Compel Arbitration in Accordance with Court Order (November 14, 1997), for Permanent Injunction, and for Declaratory Relief ("Counter–Petition"), p. 6 n. 3. Colt filed its Counter–Petition "since Diemaco initiated this action against Colt's, and in an abundance of caution, Colt's is forced to raise this issue to protect its claim." *Id.* If McNett is not disqualified, Colt requests that the Court "stay the matter or take other action to ensure that Colt's claims are protected should Colt's choose to bring the claim after the arbitration is final." *Id.*

■ Colt concedes the FAA does not provide for judicial review of an arbitrator's qualifications until after an award has been rendered. No stay of this proceeding nor any other action is necessary to protect Colt's right to move to vacate an award on the ground that McNett was partial. Colt's counter-petition to compel arbitration and for declaratory relief and motion for a permanent injunction are DENIED.

## III. CONCLUSION

The purpose of arbitration is to avoid costly and protracted litigation. Despite a valid, binding arbitration clause in the License Agreement, over two years have passed since the original demand for arbitration. The parties have litigated this matter in two federal actions, as well as in the New York state courts, thereby defeating a fundamental objective of arbitration. Once again, the parties are in court fighting, not about the suitability of the selected arbitrators,[10] but, rather, about AAA's procedure for selecting the arbitrators. The parties are well-advised to attempt to resolve their disputes in arbitration amicably rather than resort to the court. This entire case will be resolved in arbitration as agreed by the parties.

For the foregoing reasons, Diemaco's corrected petition to compel arbitration [doc. # 1] is DENIED. Colt's motion to dismiss or to stay [doc. # 12–1, 12–2] is DENIED AS MOOT. Colt's motion to expedite [doc. # 11] is DENIED AS MOOT. Colt's counter-petition to compel arbitration and for declaratory relief and motion for a permanent injunction [doc. # 14] is DENIED.

SO ORDERED.

---

9. The Second Circuit has noted that there are certain situations in which pre-award judicial review is permissible—to carry out "the FAA's directive that an agreement to arbitrate shall not be enforced when it would be invalid under general contract principles." *Aviall*, 110 F.3d at 896 (relying on 9 U.S.C. § 2)(distinguishing cases in which an arbitrator was removed prior to an arbitration award based on undisclosed bias and fraudulent inducement).

10. Other than McNett who is the subject of the counter-petition to compel and request for declaratory and injunctive relief.